1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  ERMUNDO CHILCOTE ORTIZ,

10                              Plaintiff,          Case No. C16-1146-JCC-JPD

      v.

11

   KING COUNTY CORRECTIONAL              REPORT AND RECOMMENDATION
12  FACILITY, et al.,

13                              Defendants.

14

15      Plaintiff Ermundo Ortiz, a county prisoner, is proceeding *pro se* and *in forma pauperis* in

16  this 42 U.S.C. § 1983 civil rights action.  The Court has screened his amended complaint and

17  concluded that it fails to state a claim upon which relief may be granted.  Because plaintiff has

18  already been given an opportunity to amend, the Court recommends that the amended complaint

19  and this action be DISMISSED without prejudice and without leave to amend.  This dismissal

20  should count as a strike under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

21                              BACKGROUND

22      Plaintiff brought his original complaint against the King County Correctional Facility

23  ("KCCF"), alleging that he was diagnosed with and treated for MRSA while at the KCCF, and

REPORT AND RECOMMENDATION - 1

seeking "$100,000 for pain and suffering due to negligence and unsanitary living conditions due to [sic] King County Correctional Facility."  Dkt. 5 at 3-4.

The Court informed plaintiff that his complaint was deficient because the KCCF, as an entity of King County, is not a proper defendant in a § 1983 action.  Dkt. 6 at 3 (citing *Nolan v. Snohomish Cnty.*, 59 Wash. App. 876, 883 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.")).  The Court notified plaintiff that he could bring a suit against a municipality or local government unit, like King County, but that he must identify a municipal or county "policy" or "custom" that caused his injury.  *Id.* (citing *Bd. Of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997)).

The Court also informed plaintiff that his complaint was deficient because he failed to allege constitutionally deficient medical care.  *Id.* at 4-5 (setting forth the standards for § 1983 medical care claims).  Rather, he alleged that the nurse who treated him prescribed an antibiotic that effectively treated his MRSA.  *Id.* at 5.  The Court pointed out that plaintiff's allegation of negligent medical care was insufficient to support a constitutional claim.  *Id.* (citing *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004)).

The Court granted plaintiff leave to file an amended complaint, cautioning him that if he filed an amended complaint that failed to correct the identified deficiencies, the Court could recommend that this action be dismissed for failure to state a claim upon which relief may be granted.  *Id.*

Plaintiff timely filed an amended complaint, this time naming King County as the sole defendant and seeking a "dividend" of $10,000.00.  Dkt. 7 at 1, 4.  The only factual allegations in the amended complaint are:  "I was infected with MRSA from King County," "I have no history

of MRSA or any other form of skin infection," and, "No history of drug use or absences."  *Id.* at 3.  Plaintiff also alleges that he submitted a grievance on July 7, 2016, and never received a response.  *Id.*  The grievance, which plaintiff attached to his amended complaint, noted the KCCF's policy of providing clean clothes to inmates twice a week and requested clean clothes every day for a week so that he would not have to wear clothes infected with MRSA.  Dkt. 7-1 at 1.

<u>DISCUSSION</u>

A.   <u>Legal standard</u>

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted."  28 U.S.C. § 1915(e)(2)(b)(ii); *see Talley v. Jackson*, 2015 WL 3796339, at *1 (W.D. Wash. June 18, 2015) (citations omitted).  To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  The factual allegations must be "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory.  *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc).

REPORT AND RECOMMENDATION - 3

B.    Section 1983 claims

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A local government unit or municipality can be sued as a "person" under § 1983.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978).  A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury.  *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

1.    Plaintiff fails to state a claim against King County

Plaintiff brings this action against King County, but he fails to allege any "policy" or "custom" that caused him to become infected with MRSA.  He alleges only that he was infected with MRSA while at the KCCF.  Dkt. 7 at 3.  This allegation is insufficient to state a claim under § 1983.

2.    Plaintiff cannot bring a § 1983 claim for failing to respond to a grievance

Plaintiff alleges that KCCF officials did not respond to his grievance requesting a daily change of clothes while he was infected with MRSA.  Dkt. 7 at 3.  Prisoners, however, are not constitutionally entitled to an inmate grievance process.  *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no legitimate claim of entitlement to a prison grievance procedure); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (noting that "inmates lack a separate constitutional entitlement to a specific grievance procedure").  Accordingly, he cannot bring a §1983 claim based on KCCF officials' failure to respond to his grievance.

REPORT AND RECOMMENDATION - 4

C.    The PLRA's "three-strikes" rule

"The PLRA's 'three-strikes' rule prohibits a prisoner from filing an action *in forma pauperis* if he has accumulated three 'strikes' from prior federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of serious physical injury.'"  *Washington v. L.A. Cnty. Sheriff's Dep't*, --- F.3d ----, 2016 WL 4254981, at *1 (9th Cir. Aug. 12, 2016) (quoting 28 U.S.C. § 1915(g)).  "A prisoner can incur a 'strike' for bringing an action 'that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'"  *Id.* (quoting 28 U.S.C. § 1915(g)).

Because plaintiff fails to state a claim upon which relief may be granted, despite being advised of the applicable legal standards and given an opportunity to amend, the dismissal of this action should count as a strike under the PLRA.

CONCLUSION

Because the Court advised plaintiff of the deficiencies in his original complaint and plaintiff failed to correct those deficiencies in his amended complaint, the Court recommends that the amended complaint and this action be DISMISSED without prejudice and without leave to amend.  As plaintiff's amended complaint fails to state a claim upon which relief may be granted, dismissal of this action should count as a STRIKE under the PLRA, 28 U.S.C. § 1915(g).  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 21, 2016**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

REPORT AND RECOMMENDATION - 5

timely objections are filed, the matter will be ready for consideration by the District Judge on **September 23, 2016.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 31st day of August, 2016.

*James P. Donohue*
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6